[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was brought as a complaint in three counts; the first alleging that the defendant Frasca has not paid the plaintiff as agreed for videotapes sold to him by the plaintiff; the second alleging that the defendants falsely and maliciously told customers of the plaintiff that he was trying to sell videotapes that he had stolen from the defendant Frasca, and the third alleging that the false statements made by the defendant Frasca constitute a violation of the Connecticut Unfair Trade Practices Act, commonly known as CUTPA.
In the amended answer and counterclaim, the defendant Frasca denies breaching a contract, denies making any false or malicious statements, and denies a violation of CUTPA.
The defendant Domack denies making any false or malicious statements, which is the only allegation against her.
Both defendants filed two special defenses; the first alleging accord and satisfaction and the second alleging unclean hands because of the violation of a restrictive covenant. This second special defense was not pursued so the court will ignore it.
On March 21, 1990, both defendants called customers of the plaintiff and told them that he had possession of tapes belonging to the defendant Frasca. However, the court finds that the credible evidence presented was not sufficient to sustain the plaintiff's burden of proving that these telephone calls were malicious or slanderous in nature or that they went beyond an assertion that the tapes did not belong to, the plaintiff. The court also finds that the plaintiff has not proved that he sustained any financial loss as a result of the calls. While it is true that the plaintiff's gross sales decreased steadily in 1990, 1991 and 1992, the CT Page 8217 court is not persuaded that this diminution was caused by what the defendants said to the plaintiff's customers. Nor did the plaintiff prove any loss to his reputation.
On the first count, the court finds for the plaintiff in the amount of $11,000.00 ($16,000 sales price less the $5,000 value of tapes returned to the plaintiff).
On the second count, the court finds for the defendants.
On the third count, the court finds for the defendant, based on the court's finding for the defendants in the second count.
As to the counterclaim of the defendant Frasca, the court finds for the plaintiff on both counts; on the first count, because the defendant has not sustained his burden of proving the alleged agreement or that the plaintiff took funds out of the register, and on the second count because of the court's finding on the first count.
The court further finds that the defendant Frasca wrongfully and unlawfully detained the $11,000 due the plaintiff from November 9, 1990, which was the date on which full payment for the tapes was due. Interest is therefore awarded at the legal rate of 10%, beginning November 10, 1990.
Judgment may enter accordingly.
Richard A. Walsh, J.